UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **YULIY BARYSHNIKOV, et al.,** | |
| **Plaintiffs,** | |
| v. | Case No. 22-2140 |
| **ALEJANDRO MAYORKAS,** | |
| **Defendants.** | |

**ORDER**

This case is before the Court on Defendants' Motion to Stay Discovery (#24). Defendants seek to stay discovery pending the Court's ruling on Defendants' Motion to Dismiss (#22). Plaintiffs filed a Response (#25) in opposition. Defendants filed a Reply (#27). For the reasons discussed below, the Motion to Stay Discovery (#24) is GRANTED.

"A court may stay discovery through an exercise of its inherent authority to manage litigation or through its authority under Federal Rule of Civil Procedure 26(c)." *Selective Ins. Co. of Am. v. Smiley Body Shop, Inc.*, 2016 WL 6277618, at *4 (S.D. Ind. Oct. 27, 2016). "The party seeking a stay has no absolute right to a stay; rather, that party 'bears the burden of proof to show that the Court should exercise its discretion in staying the case.'" *Id*.

Defendants argue good cause exists to stay discovery because Defendants' Motion to Dismiss may resolve the case, ongoing discovery will not produce facts to defeat the Motion to Dismiss, and a stay will simplify the issues as well as reduce the burden of litigation on the parties and the Court. Plaintiffs argue Defendants have not met their burden to establish good cause and a stay of discovery would unfairly prejudice Plaintiffs.

Courts in this circuit have considered the following factors when deciding whether to stay an action: "(i) whether a stay will unduly prejudice or tactically disadvantage the

1

non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *E.E.O.C. v. Fair Oaks Dairy Farms, LLC*, 2012 WL 3138108, at *2 (N.D. Ind. Aug. 1, 2012) (quoting *Abbott Laboratories v. Matrix Laboratories, Inc*., 2009 WL 3719214, at *2 (N.D. Ill. Nov. 5, 2009). The moving party must show good cause to stay discovery. *Id.*

"The filing of a motion to dismiss by itself does not mandate a stay of discovery pending resolution of that motion, nor does the right to discovery continue in light of a pending dispositive motion." *Nexstar Broadcasting, Inc. v. Granite Broadcasting Corp.*, 2011 WL 4345432, at *2 (N.D. Ind. Sept. 15, 2011). "A stay is appropriate where the motion to dismiss can resolve the case, where ongoing discovery is unlikely to produce facts necessary to defeat the motion, or where the motion raises a potentially dispositive threshold issue, such as a challenge to plaintiff's standing." *Id.*

Considering the factors cited above, there is no evidence that a stay will unduly prejudice Plaintiffs. Plaintiffs argue that a stay of discovery will prevent them from meeting the current discovery schedule, which closes discovery on August 7, 2023. This ignores the Court's authority to extend these deadlines. If the Motion to Dismiss is denied, this Court will extend the deadlines to allow the parties time for discovery. There is nothing before the Court to suggest that any delay would prejudice Plaintiffs in obtaining the desired information through discovery or otherwise prosecuting their case.[1]

Additionally, Defendants' Motion to Dismiss raises potentially dispositive threshold issues. The Complaint itself raises a mostly legal matter. The Motion to Dismiss argues that the allegations cannot prevail for purely legal reasons, namely, that the President acted within his legal authority throughout and that there is a jurisdictional bar to this case. If Defendants are correct, no discovery will overcome these defenses. For these reasons, the Court finds that a stay will reduce the burden of litigation on the parties and on the Court.

---

[1] The remainder of Plaintiffs' objections are equally unpersuasive.

The Motion to Stay (#24) is GRANTED. Discovery is hereby stayed. The Court directs the parties to file a proposed scheduling order, if needed, within fourteen (14) days of the Court's ruling on the Motion to Dismiss.

ENTERED this 4th day of April, 2023.

s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE
